PER CURIAM.*
_JjThis proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Thomas G. Wilkinson, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Wilkinson, 13-0822 (La.5/3/13), 115 So.3d 1137, we accepted a joint petition -for consent discipline and suspended petitioner from the practice of *609 law for three years, retroactive to October 24, 2012, the date of his interim suspension, for accepting payment of an improper “referral fee” and for his federal criminal conviction of conspiracy to commit misprision of felony. The petition for consent discipline contained a stipulation that respondent would not apply for reinstatement unless all conditions of his federal probation were satisfied, including the payment of restitution.
Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria .set forth in Supreme Court Rule XIX, § 24(E).[1] The ODC took no position regarding 12the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to a two-year period of probation. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
DISCUSSION
The record supports the conclusion that petitioner has satisfied the necessary requirements to be reinstated to the practice of law. Accordingly, we will reinstate petitioner to the practice of law, subject to a two-year period of supervised probation during which he must fully comply with the federal court’s restitution order. If petitioner has not fully paid all outstanding restitution at the conclusion of the two-year probationary period, the ODC may move to extend probation for an additional period of time.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Thomas G. Wilkinson, Louisiana Bar Roll number 2184, be immediately reinstated to the practice of law in Louisiana, subject to a two-year period of supervised probation governed by the conditions set forth herein. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should ^petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
GUIDRY, J., recused

 Guidry, J., recused

. When petitioner applied for reinstatement in November 2015, he had paid approximately $96,000 in restitution, while other individuals with whom he was jointly and severally liable had paid approximately $58,000. These payments left approximately $60,000 still due and owing to the government. Therefore, considering his agreement in the petition for consent discipline that he would fully comply with all conditions of his federal probation prior to seeking reinstatement, including the payment of restitution, petitioner filed a motion in federal- court seeking to modify his restitution obligation. The motion was not opposed by the government. On January 24, 2016, the federal district judge entered an order granting petitioner's motion. Pursuant to the order, petitioner is required to pay the remaining restitution at the rate of $100 per .month, until he is either reinstated to the practice of law or begins to collect retirement benefits, whichever occurs first, at which time his restitution payment will increase to $500 per month and continue until the total remaining amount of restitution is paid in full.